Good morning. May it please the court, my name is Donald Frick. I represent Mr. David Gavaldon in this particular matter. I think there are some things that are given here. One, Mr. Gavaldon was shackled. Mr. Gavaldon was in prison garb. His attorney never challenged the decision to keep him in prison garb or shackled. And the court failed to conduct the two-level or two-step requirement of going into and determining whether shackles were required. In fact, I believe the district court in two instances said, one, shackles were not required. There was no evidence of it. Two, that the attorney didn't perform to the standards of the community as professional standards. I think the main issue in this particular case is whether there was prejudice. I submit that if the court doesn't do its job, delegates or abdicates its responsibility, its authority and its discretion to a nonjudicial officer, if the attorney doesn't object when he should have, he should have been aware of the durandus. Asking us to hold that there's a conclusive presumption of prejudice when the shackled prisoner is, is there throughout the voir dire in the trial and because everybody agrees there was a strickland violation. That is, the lawyer slept through the whole issue of shackles and did nothing about it. And the judge did, too, and then said, well, we let the sheriff in this county, we let the sheriff make that decision. Correct. Which was astonishing that any lawyer admitted to the bar of this state would sleep through something like that. But that happened. Now, what was the prejudice? Everybody in the courtroom knew that this was a prison yard crime assault in the, in the yard at Folsom, which had the biggest collection of felons in the state of California. And there was no way that those people would be allowed in a courtroom without a good deal of security. So what what was prejudicial about the jury finding out this big secret that this was a convicted felon who killed a man in the prison? Well, first of all, Your Honor, I don't believe he'd been convicted as the time the jury was sitting there that he had killed someone. Well, he'd been convicted of other things, been convicted of other things. But I think that seeing an individual shackled and in prison guard shackle, not only his hands, but also in around his waist and also on his feet. I think that tends to indicate this is a potentially dangerous individual, pretty egregious case. Everybody agrees. And I think that that in and of itself is a prejudice. So you're really you're really saying that there isn't any there isn't any real prejudice to say, well, he wasn't prejudiced. There's no harm, no foul. I don't think there was no harm, no foul. I think the fact that they convicted him on sort of circumstantial evidence was based upon partially on the fact that he was in chains and in prison guard. And also the fact that his attorney didn't do what he was supposed to have done. Well, there's no doubt about that. Well, I don't. And that really just sounds like a, you know, like a per se argument that any time an attorney fails to object, it's prejudicial. But I think the case would say that you have to make a showing of prejudice. You're right. You're saying it's inherent in the circumstances. I agree with the court. In other words, both the state court and the district court made a finding, as a matter of fact, that there was no prejudice. I think the prejudice can be assumed in this particular case or should be presumed in this particular case, because, one, the court. And that's your is that your argument that we should presume it and you're not you're not able to make a showing. I can't show that there was prejudice. I cannot show by evidence that there was actual prejudice other than to say the stacking of the conduct of not only the attorney, but of the court resulted in prejudice. I think they had a due process right for the judge. But you're carrying that a step further and saying from the same facts, you have to assume or presume prejudice. I think when it becomes cumulative. Yes, Your Honor. Cumulative to what? Well, let's be. He's shackled. The jury can see. No. All right. Your Honor. Number one, he shackled. Number two, the jury. The trial court had delegated its responsibility to someone else. That doesn't affect prejudice. That's the air. But that doesn't establish prejudice. And going on, the trial court did not adequately instruct the jury. Number two or three. Mr. The trial attorney did not object to the shackling. In fact, he got up there and said, this man's not in a Brooks Brothers suit. He's in prison guard, which is in and of itself would distinguish, at least in my mind, prejudice. I guess the concern I have is that the jury was given an explanation of why he was held the way he was held that was separate and apart from his guilt or innocence for the charges he was on trial for. The jury obviously knew and was going to know that he was a long-term guest of Folsom. And so the explanation they were given is when somebody's in Folsom, that's in there on trial here for something else. That's how they're held. What is it the jury would infer from the circumstances that suggest guilt on this? Well, first of all, the jurors who were impaneled, the perspective jurors heard this or supposedly heard the admonitions by the court. There's no evidence to show that the jurors, the perspective jurors heard the admonition by the court. Albeit before they were sworn into the to the panel, after they were sworn in, there was nothing told to the jury that don't disregard the fact that he's in these prison clothes. And I would submit that seeing someone there, it's basically looking at a person in there. It's looks dangerous. What looks like a duck walks like a duck and talks like it must be a duck. No other further questions. I'll say my remarks for rebuttal. That's fine. Thank you. Thank you, Your Honor. Morning, Your Honor. David Andrew Eldridge, Deputy Attorney General for Appellee and Respondent. The claim that there was a due process violation because of the court not doing something, it's just wrong in its face because the court has no duty to do anything if there's no objection. A defendant can consent, wisely or not. He's claiming that his lawyer didn't give him an adequate. That's a claim. And that's conceded, I think. But that's a claim that the consent was unwise. That's not a claim that really doesn't amount to a claim they didn't consent. Well, that would be. Explain to us why it was not prejudicial for the jury to listen to the clanking of these chains all during the trial. Well, I'm not sure they heard clankings. Well, they were there. The entire purpose of allowing a defendant at his objection to not be seen is so the jury doesn't infer that, A, he's in custody and therefore, B, somehow he's a danger. Well, they already knew he was in custody. So if they were going to infer something from that, it wouldn't be because of the chains, it would be because of the information that he was in custody. Well, it was the kind of custody in the courtroom that the counsel here has brought up to our attention. I think the jury would see this as a particularly dangerous character, not just a convict who is charged with a crime inside the walls, but a particularly violent kind of a character who needs to be chained up like he was. But they were told not to. They were told, in fact, that this is something that simply happens because he's already in custody. Did the judge ever make, during the trial, not – I'm not saying – but during the – when the courtrooms out here, like all the spectators here, all the jurors were sitting out there in the courtroom, the judge did make a statement about the – not to draw any inferences from the fact that the prisoner was in chains or shackles. That was made pre-voir dire, wasn't it? It was certainly before they were sworn. Yes, prospective jurors. But that's the only time they ever heard a cautionary instruction, is it not? I believe so. I don't believe that was repeated. So there was never any actual instruction to the jury once the jury was in battle on this subject, was there? I don't believe there was. Then in light of that, why wasn't it prejudicial? In other words, you know, he was – his hands were shackled, right? And in turn, it was chained to a waist chain. His legs were shackled, and that was chained to the waist chain, too. And the jury saw this. They saw him come in and out of the courtroom in these chains, you know, shuffling along with these things. And then he was chained to the chair. So the jury saw this. Why isn't that prejudicial? In other words, as Judge Goodman says, it shows not that he's a convict, that he's an especially dangerous one. Of course, dangerousness goes, you know, to the crime for which he's accused. Well, the jurors wouldn't have any basis for determining that he is – that he was shackled in a way that is more or less comprehensive than any other prisoner because this is the only trial the jurors were sitting on. So all they know is that he is shackled, not that he is shackled in a particularly comprehensive way. Isn't any kind of shackling inherently prejudicial? Well, no, no, no, no. Actually, it's not. It is – it runs – it certainly runs the risk of being prejudicial, but it's not always inherently. It's not always – it's not inevitably prejudicial. Well, you know, some Supreme Court cases just about say that, don't they, that shackling is inherently prejudicial. They say that – Some Supreme Court cases to that effect. I'm sorry? I said there's language in a couple of Supreme Court cases exactly to that effect, that shackling is inherently prejudicial. I haven't seen one to that effect here. But more – Our cases at least talk about a high risk of prejudice. Is there something that separates this case that we're here on today from the observations that our court made in Rodin and Dias? Well, one big point is that the jurors already knew he was in custody. They already knew he was subject. He couldn't be allowed to move along freely because he, in fact, was incarcerated. So he's quite different than your average defendant who simply appears in court and he hasn't been convicted of anything. A lot of defendants are incarcerated. That doesn't mean they're shackled. Now, granted, this person had a prior conviction. But is a juror supposed to inherently figure out that this guy is all bound up because he's been convicted of something else before? Or is he supposed to infer this person must be dangerous? The jurors don't have to speculate at all because they were, in fact, told. The fact that they were told before the jury was sworn really doesn't matter. Certainly have the judge said in an off-the-cuff remark at that same time, Well, you know, if defendants don't testify, it's generally likely they're guilty. There'd be no argument that you would recognize that, well, the court said it in an informal time and before the jury was sworn. So we're not going to assume the jurors heard that. But the jurors listen to everything the judge says, whether they have been formally sworn or not, because they don't even know the court procedures and whether something's formal or not. They know they've been told something by the judge and that they're supposed to follow the judge's instructions. If that's told to them before they're sworn or after they're sworn, it makes no difference to them. So this judge's comment, which first was stated by defense counsel in detail, there wasn't just infer nothing from it. He specifically drew their attention and said, Don't assume. I know you've got this concern. And the judge put his imprimatur on that. So to suggest that they somehow would brush that off because some procedure which they don't know, i.e., they haven't been sworn yet, they haven't done something formal, that they wouldn't listen to it and give it every weight they would to the instructions that are given at the end makes little sense. We assume, as we must, that the jurors followed the instruction they were given, no matter when they're given that instruction. Anything else? No, thank you. All right. Thank you. Thank you. Any rebuttal? Very briefly, Your Honor. Excuse me. I believe the court was correct when they made comment concerning the Supreme Court making remarks concerning the shackling of individuals. And I think that in California, jury instructions are supposed to be given after the jury is impaneled, not when you're sitting out there sitting in the spectator boxes waiting to be. And I think anything said before they're actually impaneled has no bearing because there's no way of knowing whether those jurors heard it, whether the jurors agreed to abide by it or anything. And I would submit that the evidence is set forth in the details and are in the briefs indicates that this was primarily a circumstantial case. Thank you very much. If there are no further questions, that's it. All right. Thank you. Thank you, Your Honor. This case, then, is we thank both counsel cases submitted for decision. Next case on the calendar is United States versus Alden.
judges: Goodwin, Tashima, Clifton